CLERK'S COPY
FILED
AT ALBUQUERQUE NM
FEB 1 1 2000
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICARDO WHITING,

Plaintiff,

v.

No. CIV-00-0019 BB/KBM

JOHN DANTIS, DIRECTOR BCDC,
PRISON HEALTH SERVICES,
PHS NURSE JESSIE AT BCDC WESTSIDE,
C.O. TRIPPIT, C.O. GARCIA,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The IFP motion will be granted, and for the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Trippit subjected Plaintiff to excessive force by striking his head with a nightstick. Defendant Garcia was present but took no action to prevent the assault, and,



later, Defendant Nurse Jessie denied Plaintiff's request for treatment by a specialist. The complaint seeks damages.

Plaintiff's allegations against Defendant Nurse Jessie fail to support a § 1983 claim. One of the "core" concerns of the Eighth Amendment is inmate access to necessary medical care. *See Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir. 1980). In a § 1983 action, "only 'deliberate indifference to serious medical needs' of prisoners violates the Eighth Amendment proscription against cruel and unusual punishment." *Id.* at 575 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *and see Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Deliberate indifference to serious medical needs may be "manifested by ... denying or delaying access to medical care." *Estelle*, 429 U.S. at 104. Here, Plaintiff alleges that Defendant Nurse Jessie mismanaged his medical care by refusing or neglecting to have his condition reviewed by a specialist. Plaintiff's Eighth Amendment right is to "access to medical personnel capable of evaluating the need for treatment," *Ramos v. Lamm*, 639 F.2d at 575, and "diagnostic techniques or forms of treatment" are matters for medical judgment and do not represent cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. at 107; *cf. Moore v. Perrill*, No. 94-1377, 1995 WL 139407 (10th Cir. Mar 31, 1995). "The prisoner's right is to medical care -- not to the type or scope of medical care which he personally desires." *Coppinger v. Townsend*, 398 F.2d 392, 393 (10th Cir. 1968). Plaintiff's claim against Defendant Nurse Jessie will be dismissed.

Although the complaint names Defendants Dantis and Prison Health Services, no allegations are made affirmatively linking them to the various violations. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *Id.* Claims against these Defendants will be dismissed.

Judgment will be entered on Plaintiff's claims in favor of Defendants Dantis, and Prison Health Services, and Nurse Jessie. Because these parties are no longer named Defendants, dismissal of claims against them is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and will direct entry of final judgment in favor of these Defendants on Plaintiff's claims. Fed.R.Civ.P. 54(b).

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED; the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall be required to make monthly payments of twenty per cent (20%) of the preceding month's income credited to Plaintiff's account. The Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate; Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Dantis, Prison Health Services, and Nurse Jessie be DISMISSED; and a form of judgment will be entered in accordance with this opinion;

IT IS FINALLY ORDERED that the Clerk is directed to issue summonses, with notice and waiver forms, for Defendants Trippit and Garcia in their individual capacities.

UNITED STATES DISTRICT JUDGE

3